**NORTZ v. MILLER, Alien Property Custodian, et al.**

(Circuit Court of Appeals, Second Circuit. November 24, 1922.)

No. 86.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by F. Eugen Nortz against Thomas W. Miller, as Alien Property Custodian, and others. From a final decree dismissing the complaint (285 Fed. 778), plaintiff appeals. Affirmed.

Paul C. Schnitzler, of New York City. for appellant.

William Hayward, U. S. Atty., of New York City, Adna R. Johnson, Jr., and Dean H. Stanley, Sp. Asst. Attys. Gen.. for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Decree affirmed, with costs.

---

**THE MELISSA TRASK.**

(District Court, D. Massachusetts. January 10, 1923.)

No. 2080.

1. Admiralty ⊚⟶91—Final decree may be vacated after term, when entered by mistake.

A final decree may be vacated and the case reopened after the term, where it was entered through mistake.

2. United States ⊚⟶76—Liens for taxes in favor of United States entitled to priority, but priority does not extend to penalties for failure of vessel to provide space for passengers.

Under Merchant Marine Act 1920, § 30, subsec. M, head taxes on immigrants brought in by a vessel, which by Immigration Act Feb. 20, 1907, § 1, as amended (Comp. St. 1918, Comp. St. Ann. Supp 1919, § 4289¼aa), are made a lien on the vessel, are entitled to priority over a mortgage, on sale of the vessel in admiralty proceedings, by virtue of Rev. St. § 3466 (Comp. St. § 6372), giving priority to debts due the United States; but such priority does not extend to penalties incurred by the vessel for failure to provide required space for passengers carried.

In Admiralty. Suit by Andrew J. Wilson against the schooner Melissa Trask. On petition by the United States to vacate final decree, and reopen case for consideration of petitioner's claim. Decree vacated, and claim allowed in part.

Timothy F. O'Brien, of New Bedford, Mass., for libelant.

John H. Backus and James F. Meagher, both of Boston, Mass., for petitioners Briggs and others.

Solomon Rosenberg, of New Bedford, Mass., for petitioners O'Brien and others.

Charles P. Curtis, Jr., Asst. U. S. Atty., of Boston.

MORTON, District Judge. This is a petition by the United States to vacate a final decree entered in this suit at the last term, ordering distribution of the proceeds of the sale of the schooner, in order to permit the United States to establish a claim against her for head taxes and penalties. The ground of the petition is that the decree was entered by mistake on the part of the court and all parties concerned, in